**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| POTOMAC CONFERENCE<br>CORPORATION OF SEVENTH-DAY<br>ADVENTISTS,<br>d/b/a TAKOMA ACADEMY,<br>606 Greenville Avenue<br>Staunton, Virginia 24401,<br><br>      Plaintiff,<br><br>      v.<br><br>TAKOMA ACADEMY ALUMNI<br>ASSOCIATION, INC.<br>Suite 105<br>1738 Elton Road<br>Silver Spring, MD 20903,<br><br>      Serve on Resident Agent:<br>      R. Manny Montero, Esq.<br>      Suite 105<br>      1738 Elton Road<br>      Silver Spring, MD 20903,<br><br>      and<br><br>HENRY PITTMAN<br>24 Rockingham Court<br>Germantown, MD 20874,<br><br>      Defendants. | Civil Action No.: |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**UNFAIR COMPETITION, AND CONVERSION**

The Plaintiff, Potomac Conference Corporation of Seventh-day Adventists, doing business as Takoma Academy, by its undersigned attorneys, files this Complaint against Defendants, Takoma Academy Alumni Association, Inc. and Henry Pittman, and alleges the following:

1

## THE PARTIES

1.       The Potomac Conference Corporation of Seventh-day Adventists is a corporation duly organized and existing under the laws of the District of Columbia with its principal place of business located at 606 Greenville Avenue, Staunton, Virginia 24401. It owns and operates Takoma Academy, which is located at 8120 Carroll Avenue, Takoma Park, Maryland 20912.

2.       Defendant Takoma Academy Alumni Association, Inc. (hereinafter "TAAA, Inc.") is a Maryland corporation with its principal place of business located at 1738 Elton Road, Silver Spring, Maryland 20903.

3.       Defendant Henry Pittman (hereinafter "Pittman" or collectively with TAAA, Inc. "Defendants") is the founder and President of TAAA, Inc. and currently resides at 24 Rockingham Court, Germantown, Maryland 20874.

## JURISDICTION AND VENUE

4.       This is an action for false designation of origin and unfair competition under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq., common law unfair competition, and conversion.

5.       The court has subject matter jurisdiction for the federal trademark claims under 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (trademarks).

6.       The court has subject matter jurisdiction of the unfair competition claims under the provisions of 28 U.S.C. § 1338(b) in that such claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq.

7.      This Court has subject matter jurisdiction for all claims arising under state law, including common law unfair competition and conversion pursuant to 28 U.S.C. §1367(a) (supplemental jurisdiction).

8.      Venue is proper under 28 U.S.C. § 1391 (b) and (c). Defendant TAAA, Inc. conducts business in the State of Maryland and Defendant Pittman resides and carries on business in the State of Maryland. Additionally, the acts of infringement are occurring within the State of Maryland.  Further the items owned by Plaintiff that are currently in the possession of Defendants in Maryland were converted by Defendants in Maryland.

## THE FACTS

9.      Takoma Academy is a nonresidential, coeducational, accredited secondary school operated by the Potomac Conference Corporation of Seventh-day Adventists. The Potomac Conference Corporation of Seventh-day Adventists is a so-called "local conference" of the worldwide Seventh-day Adventist Church.  The Potomac Conference Corporation of Seventh-day Adventists owns and operates any number of Seventh-day Adventist churches and schools in Virginia, Maryland, and the District of Columbia.

10.     Takoma Academy is also known as "TA."  The school was founded in 1904 as part of the Washington Training Institute (now known as Washington Adventist University). However, the school became a separate institution as part of the Potomac Conference of Seventh-day Adventists in 1932. The marks "TA" and "Takoma Academy" have continuously and exclusively been used since the school's founding in 1904 in connection with the promotion, sale, and provision of its educational goods and services.

11.     Takoma Academy is a valid mark, legally protectable and registered on the principal register of the United States Patent and Trademark Office.  *See* Exhibit A (Registration

No. 4,285,565). Since 1904, the service marks "TA" and "Takoma Academy" (collectively the "Marks"), have been used to identify Takoma Academy's services and to distinguish them from the services of other educational institutions, by among other things, prominently displaying and using such Marks on the school building, letterhead, correspondence, bills, direct mailings, and school and alumni newsletters, among other things.

12.     The Takoma Academy Alumni Association (hereinafter the "TAAA") is an unincorporated association. (This unincorporated association is *not* the Defendant TAAA, Inc.) TAAA was formed by Takoma Academy in the 1970's.   Its primary activities include fundraising for the school, planning and organizing an alumni weekend at Takoma Academy in the spring of each year, and to generally support the school.  All fundraising checks raised by TAAA were deposited into Takoma Academy's operating account. All invoices relating to alumni activities for TAAA were paid through Takoma Academy's operating account. Therefore the TAAA's finances were conducted and coordinated by and through the school.

13.     Plaintiff maintained certain mailing lists, lists of alumni phone numbers, alumni email addresses, and other alumni information (hereinafter "Alumni Information").   This information had gradually been built up into a database of alumni information in order to maintain contact with its alumni.  This database was maintained on a volunteer basis by Rick Feldman ("Feldman").

14.     In April of 2011, Defendant Pittman assumed the role of President of TAAA.

15.     Disputes arose between the parties over the mission of the alumni association and its governance.

16.     On April 10, 2012, without the authorization, consent or approval of Takoma Academy, Pittman unilaterally filed Articles of Incorporation establishing a new corporation

called Takoma Academy Alumni Association, Inc. with the Maryland State Department of Assessments and Taxation. *See* Exhibit B (TAAA, Inc. Articles of Incorporation).  At the time the corporation was formed, Pittman was fully aware that his action was not approved by Plaintiff.

17.     In May of 2012, Manny Montero, the resident agent and purported general counsel for TAAA, Inc., as directed by Defendants, threatened Feldman and demanded access to the Alumni Information. Under the threat of legal action, and based on ignorance of any dispute between Plaintiff and Defendants, Feldman without authorization gave Mr. Montero and Defendants access to the Alumni Information. After Plaintiff became aware of Feldman's actions, Plaintiff refused additional access to the Alumni Information.

18.     On or about June 7, 2012, Plaintiff voted to disassociate itself from TAAA, Inc. after learning of the formation of TAAA, Inc.  It demanded that Defendants cease any use of the Marks.

19.     Notwithstanding the demand that Defendants cease the use of the Marks, the disassociation of Plaintiff from Defendants, and lack of permission to use Plaintiff's Marks, Defendants continue to use Plaintiff's Marks to identify their corporation TAAA, Inc., which such actions are likely to cause confusion among alumni, consumers, and anyone else considering a donation to Plaintiff or Defendants.  In fact, Plaintiff and TAAA, Inc. have both planned an alumni weekend with a golf tournament which will likely result in confusion among alumni. See Exhibit C (Plaintiff's Alumni Weekend Announcement) and Exhibit D (TAAA, Inc.'s Alumni Weekend Announcement).

20.     After the dispute arose between Plaintiff and Defendants, Defendants have attempted to hijack the alumni association by: (i) falsely representing that the school and/or its

officers were in support of Pittman's actions in incorporating TAAA, Inc.; (ii) calling meetings purportedly on behalf of the alumni association but not giving notice of the meetings to members known to be adverse to Pittman's position; (iii) sending numerous messages to alumni using TAAA and TAAA, Inc. interchangeably causing a likelihood of confusion as to the association of TAAA, Inc. to Plaintiff; (iv) falsely representing to many alumni that TAAA, Inc. is the successor of TAAA; and (v) creating confusion by organizing conflicting alumni events for alumni week 2013. *See* Exhibit E (Missives). These missives in Exhibit E contain false and misleading information too numerous to itemize in this Complaint.

21.     Additionally, Defendants have gone so far as to create a Facebook page for Takoma Academy Alumni Association.  Upon information and belief, there is also a Linkedin website created by Defendants purporting to be affiliated with Takoma Academy.  Exhibit F (Social Media webpages). At no point in time has Plaintiff approved or consented to the creation of any social media webpage or Defendants' use of the Marks in relation to those social media webpages. Further, one will observe from the Linkedin webpage, which is part of Exhibit F, that it was created by Pittman's brother on January 29, 2013, after the cease and desist letter from Plaintiff which is discussed in paragraph 24 below.

22.     Furthermore, Defendants have used Plaintiff's Marks to solicit and accept donations.  Upon information and belief, Defendants have solicited money from alumni under the false representation that donors are making tax-deductible donations to Takoma Academy. Exhibit E (Missives).

23.     Notwithstanding all of these false representations of an affiliation or relationship between TAAA, Inc. and Takoma Academy, Defendants deemed it necessary to seek permission from Plaintiff to use its Marks.  In November of 2012, Defendants proposed that Plaintiff enter

into a "Memorandum of Agreement" with TAAA, Inc. whereby TAAA, Inc. would have authority to solicit donations from alumni on behalf of Plaintiff and to "assign" to TAAA, Inc. "the exclusive rights to any database, website, inventory, intellectual property, etc." of Plaintiff. Exhibit G (proposed "Memorandum of Agreement"). Defendants actions in attempting to get Takoma Academy to sign such a licensure agreement clearly recognizes that Defendants knew they did not have such permission at the time the agreement was presented to Takoma Academy. Takoma Academy fully rejected this Memorandum of Agreement and never signed any such document.

24. On January 17, 2013 in response to Defendants continued infringement, Takoma Academy sent Defendants a cease and desist letter that demanded that any and all use of the name Takoma Academy and TA, or any derivatives thereof, immediately cease. *See* Exhibit H (Cease and Desist Letter from Takoma Academy). The letter also again demanded that the Alumni Information be returned to Plaintiff. *Id.*

25. Defendants' response was continued misrepresentations to the alumni through numerous missives detailing the deceitful and improper efforts to attempt to have TAAA, Inc. become the successor of TAAA, notwithstanding the fact that no legitimate vote was ever taken by TAAA to merge into TAAA, Inc. *See* Exhibit E (Missives).

26. Defendant Pittman at all times herein, as president of TAAA, Inc. acted as an agent of TAAA, Inc. Defendant Pittman is directing the actions of TAAA, Inc. and encouraging TAAA, Inc. to infringe Plaintiff's Marks. Defendant Pittman continues to guide, advise, and induce TAAA, Inc. to use Plaintiff's Marks and benefits therefrom by having installed himself as the president thereof. Therefore Defendant Pittman is vicariously liable for the actions of TAAA, Inc.

27.     Defendant Pittman continues these infringing actions, and continues to encourage TAAA, Inc. to engage in infringing actions, even after Plaintiff informed Defendants of the disassociation and requested that Defendants cease using the Marks.

28.     Defendants have willfully infringed Plaintiff's Marks in interstate commerce by various acts, including: (i) using Plaintiff's Marks in the formation of TAAA, Inc.; (ii) using Plaintiff's Marks in communicating with the general public and Takoma Academy alumni, including the many missives attached hereto; (iii) using Plaintiff's Marks in relation to the TAAA, Inc. social media web pages; (iv) using Plaintiff's Marks for and in conjunction with TAAA, Inc.'s fundraising activities; and (v) using Plaintiff's Marks for and in conjunction with TAAA, Inc. alumni activities.   All of these actions were done by Defendants with the full knowledge that they did not have permission from Plaintiff to use its Marks.

29.     Defendants' use of the marks "Takoma Academy" and "TA" is without permission or authority of Plaintiff.   Defendants are aware of their lack of permission or licensure.   Nonetheless, Defendants continue to use the Marks, creating a likelihood of confusion, mistake, and deception of Takoma Academy alumni and the general public from believing that TAAA, Inc. is affiliated or associated with Plaintiff, or is sponsored or approved by Plaintiff or that Plaintiff is the source of Defendants' communications.

30.     Defendants have informed Plaintiff that they recently filed an application for the marks "TAAA" and/or "Takoma Academy Alumni Association" with the United States Patent and Trademark Office.   Defendants took such action despite their knowledge of Plaintiff's registration of the mark Takoma Academy, Plaintiff's claim of ownership of the Marks, Plaintiff's use  of the Marks for over eighty years, and that Defendants' use was likely to cause

confusion.  Plaintiff will be damaged by any registration by Defendants of the marks Takoma Academy Alumni Association, TAAA, or other confusingly similar marks.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**(15 USC § 1125(a) and 15 USC § 1114(1)(a))**
**(TAAA, Inc.)**

31.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 30 as though fully set forth herein.

32.     Takoma Academy is a valid mark, legally protectable and registered on the principal register of the United States Patent and Trademark Office.   *See* Exhibit A (Registration No. 4,285,565).

33.     The Marks owned by Plaintiff are distinctive and have been continually used in commerce since 1904.

34.     TAAA, Inc.'s unauthorized use of Plaintiff's Marks in the manner alleged constitutes trademark infringement within the meaning of 15 USC § 1114(1)(a).

35.     Additionally, TAAA, Inc.'s unauthorized use of Plaintiff's Marks in the manner alleged violates 15 USC § 1125(a).   TAAA, Inc's actions have damaged and impaired the goodwill symbolized by the Marks causing immediate and irreparable damage to Plaintiff.

36.     TAAA, Inc.'s use of the Marks to identify their organization and services is likely to cause confusion regarding source, approval, affiliation, association or sponsorship of its services.  TAAA, Inc.'s use of Plaintiff's Marks creates a likelihood of confusion, mistake, or deception among actual and prospective consumers.

37.     Upon information and belief, TAAA, Inc. had actual knowledge of Plaintiff's exclusive right to use the Marks when it engaged in the conduct complained of herein. Thus,

TAAA, Inc.'s actions were undertaken willfully and with the intention of causing confusion, mistake or deception among alumni, consumers, and others.

38.     The TAAA, Inc. has used, and is using, the Marks in advertising, distribution, and the solicitation of donations from alumni of Takoma Academy in interstate commerce in such a manner as to create a likelihood of confusion among actual and prospective consumers. In fact, upon information and belief, some alumni have been confused by TAAA, Inc.'s infringing actions.  See Exhibit I (Alumni Communications).

39.     TAAA, Inc.'s use of the Marks induces consumers, alumni, and others to believe, contrary to fact, that the services provided by TAAA, Inc. are affiliated, endorsed, rendered, sponsored, and otherwise approved by, or connected with, the Plaintiff. TAAA, Inc.'s actions intentionally mislead consumers into believing that there is an affiliation between TAAA, Inc. and Plaintiff.

40.     Plaintiff believes that it is likely to be damaged by such false association and representations by reason of the likelihood that alumni, consumers and the public will be confused as to the true source, sponsorship or affiliation of TAAA, Inc.'s services.

41.     The TAAA, Inc.'s actions have caused the Plaintiff irreparable injury, loss of reputation, and pecuniary damages.

42.     Unless enjoined by this Court, TAAA, Inc. will continue the acts of unfair competition by false designation of origin complained of herein to Plaintiff's immediate and irreparable damage.

43.     Plaintiff has no adequate remedy at law.

44.     The balance of the hardships favor Plaintiff.

45.     Preventing use by TAAA, Inc. of Plaintiff's Marks is in the public interest.

## COUNT II
## VICARIOUS TRADEMARK INFRINGEMENT
### (15 USC § 1125(a) and 15 USC § 1114(1)(a))
### (Henry Pittman)

46.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 45 as though fully set forth herein.

47.     Pittman and TAAA, Inc. had an apparent or actual agency relationship where Pittman exercised control over TAAA, Inc. and controlled TAAA, Inc.'s infringing acts.

48.     Upon information and belief, in soliciting funds from third parties, Pittman has a direct financial interest in infringing Plaintiff's Marks because Pittman controls the funds he raises by and through TAAA, Inc.

49.     It was foreseeable that TAAA, Inc. would infringe on Plaintiff's exclusive right to use the Marks.  Further, upon information and belief, Pittman had knowledge of Plaintiff's exclusive right to use the Marks when he induced TAAA, Inc. to engage in the aforementioned infringing acts.   Thus, Pittman's actions in inducing TAAA, Inc. to infringe on Plaintiff's Marks were undertaken willfully and with the intention of causing confusion, mistake or deception among alumni, consumers, and others.  It was foreseeable that confusion, mistake or deception among alumni, consumers, and others, would result from Pittman's inducement of TAAA, Inc.

50.     Pittman has directly engaged in, and intentionally induced TAAA, Inc., to use, and continue to use, Plaintiff's Marks in commerce with full knowledge that he and TAAA, Inc. did not have permission from Plaintiff to use its Marks.

51.     Even after Plaintiff asked Defendants to cease their use of Plaintiff's Marks, Pittman continued to use, and intentionally induced TAAA, Inc. to use Plaintiff's Marks knowing it would create a likelihood of confusion among alumni, consumers, and others.

11

52. Upon information and belief, Pittman intentionally engaged in the aforementioned actions, and induced TAAA, Inc. to engage in the aforementioned actions, with knowledge that it would cause serious damage to Plaintiff.

53. Pittman went so far as to organize, advertise, and host an alumni week scheduled for April of 2013, using Plaintiff's Marks to communicate with alumni regarding that alumni week, and induce TAAA, Inc. to take the same acts - all with full knowledge that Plaintiff would be organizing an alumni weekend for TA alumni during the same time period.

54. Pittman's infringement, if allowed to continue, will cause serious damage to Plaintiff's business, goodwill and profit, and will cause confusion among alumni, consumers, and others.

55. By reason of the acts of Pittman alleged herein, Plaintiff has suffered and will continue to suffer irreparable damage and, unless Pittman is enjoined from continuing these wrongful acts, the damage to Plaintiff will increase.

56. Plaintiff has no adequate remedy at law.

57. The balance of the hardships favor Plaintiff.

58. Preventing use by Defendants of Plaintiff's Marks is in the public interest.

**COUNT III**
**COMMON LAW UNFAIR COMPETITION**

59. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 58 as though fully set forth herein.

60. Upon information and belief, Defendants imitation and infringement of Plaintiff's Marks is intentional and is calculated to deceive Plaintiff's alumni, and others, and has misled, and will mislead to the diminution of said business, profits, and goodwill of Plaintiff.

## COUNT IV
## CONVERSION BY WRONGFUL DETENTION

61.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 60 as though fully set forth herein.

62.     In April of 2011, Defendant Pittman became the President of TAAA.

63.     Defendants obtained access to Plaintiff's Alumni Information by way of threat of legal action and under the guise of rightful ownership.

64.     On June 7, 2012 Plaintiff disassociated with Defendants. On January 17, 2013, in its cease and desist letter (Exhibit H), Plaintiff demanded that Defendants return and cease any use of the Alumni Information.

65.     After proper demand, Defendants refused to return or cease using Plaintiff's Alumni Information.

66.     In fact, notwithstanding Plaintiff's demand to cease use of and return to Plaintiff the Alumni Information, Defendants continue to use Plaintiff's Alumni Information in an unauthorized manner in operating TAAA, Inc. and communicating with Takoma Academy alumni and the general public.  Examples of Plaintiff's improper use of the Alumni Information are found in numerous exhibits attached to this Complaint.

67.     Defendant's retention of Plaintiff's Alumni Information was intentional, without justification, and constituted a conversion of Plaintiff's property.

## PRAYERS FOR RELIEF

Defendants continue to do the acts complained of, and unless enjoined, will continue to do so, all to Plaintiff's irreparable damage.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such continuing acts, and a

multiplicity of judicial proceedings would be required.  Therefore, Plaintiff's remedy at law is not adequate to compensate it for its injuries.

WHEREFORE, Plaintiff requests that:

1.  This Court enter judgment in favor of Plaintiff and against Defendants on all counts of the Complaint;

2.  This Court grant an injunction pursuant to the powers granted it under 15 U.S.C.A. § 1116, enjoining Defendants, their agents, servants, and employees, from directly or indirectly using the name "Takoma Academy" or  "TA" or any mark, word, or name similar to Plaintiff's Marks which is likely to cause confusion or mistake or to deceive;

3.  This Court, pursuant to the powers granted it under 15 U.S.C.A. § 1118, order that all websites, letterhead, materials, advertisements, newsletters, or direct mailings in the possession of the Defendants bearing the marks "Takoma Academy" or "TA" or any other confusingly similar marks, and any other copies, plates, molds, matrices, or templates or means of duplicating the aforementioned Marks, be delivered and destroyed;

4.  This Court order Defendants to cease use and return all mailing lists, lists of alumni phone numbers and email addresses, and other Alumni Information, and any duplicates and copies thereof (i) used by Defendants in attempting to contact or solicit donations from Takoma Academy alumni; or (ii) taken by Defendants from Rick Feldman, and that this Court award Plaintiff damages associated with Defendants conversion of the aforesaid property;

5.  This Court order Defendants to cease using any social media webpage referencing the marks "Takoma Academy" or "TA" or any other confusingly similar marks, and order Defendants to remove its social media web pages from all social media websites;

6.   This Court, pursuant to the powers granted it under 15 U.S.C.A. § 1119, order Defendants to cancel any registrations filed with any governmental authority associated with Takoma Academy Alumni Association, Inc.;

7.   That Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after the entry of Judgment, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the Injunction and Order;

8.   This Court order Defendants to account to Plaintiff for any and all funds Defendants received from Takoma Academy alumni, and where such funds were distributed, and for all damages sustained by Plaintiff by reason of the acts of infringement and unfair competition complained of, including profits obtained by Defendants;

9.   This Court enjoin Defendants from soliciting contributions using the marks "Takoma Academy," "TA," or other confusingly similar marks;

10.  That this Court, pursuant to the powers granted it under 15 U.S.C. § 1117, award to Plaintiff and against Defendants the profits earned by Defendants, Plaintiff's damages, and the costs of this action and reasonable attorneys' fees, including statutory damages if Plaintiff so elects;

11.  That this Court order that the Defendants' registration of the Marks "TAAA" or "Takoma Academy Alumni Association," or any other confusingly similar marks, not be allowed to proceed, and that they be cancelled if they are registered; and

12. That this Court grant such other and further relief as it deems just and proper.

Respectfully submitted,


4/16/2013 _____          ___/s/ H. Dean Bouland_____
Date                                  H. Dean Bouland, Bar No. 01686
                                      Carrie M. Freeman, Bar No. 28527
                                      Bouland & Brush, LLC
                                      201 N. Charles Street, Suite 2400
                                      Baltimore, Maryland 21201
                                      Telephone: 410.752.6000
                                      Facsimile: 410.625.3859
                                      dean.bouland@boulandlaw.com
                                      carrie.freeman@boulandlaw.com
                                      *Attorneys for Plaintiff*


4/16/2013 _____          _/s/ James B. Astrachan_____
Date                                  James B. Astrachan, Bar No. 03566
                                      Christopher J. Lyon, Bar No. 27443
                                      ASTRACHAN GUNST THOMAS, P.C.
                                      217 East Redwood Street, Suite 2100
                                      Baltimore, Maryland 21202
                                      Telephone:  410.783.3550
                                      Facsimile:  410.783.3530
                                      jastrachan@agtlawyers.com
                                      clyon@agtlawyers.com
                                      *Attorneys for Plaintiff*

16